# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**ROBERT J. THACKER,**

    **Plaintiff,**

**v.**                                                                 **Case No. 2:12-cv-00006**

**F.B.I.,**

    **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

On December 23, 2011, the Clerk received a letter from the plaintiff in which he complains about how he was treated during the course of the investigation and prosecution of the crime of which he was convicted.  Pursuant to usual practice, the letter was deemed to be an attempt at filing a complaint, and a civil action number was assigned.  The F.B.I. was listed as the party defendant because it is mentioned in the letter.  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  This

screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, it is impossible to give any credibility to the plaintiff's letter, which is incomprehensible. The undersigned is familiar with Mr. Thacker, having conducted his initial appearances, preliminary hearing, detention hearing, and arraignment, and having filed proposed findings and recommendation concerning his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. (*United States v. Thacker*, No. 2:08-cr-196.) Mr. Thacker is a person of limited intelligence, having attended special education classes. He was represented in his criminal case by an exceptionally capable and compassionate attorney, and was extensively evaluated for his mental impairments. Mr. Thacker is serving a term of imprisonment of 60 months, to be followed by a ten-year term of supervised release, upon his guilty plea to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person (under the age of 18), in violation of 18 U.S.C. § 2423(b). The presiding District Judge found him to be competent; during the guilty plea proceeding, Mr. Thacker's attorney assured the court that Mr. Thacker's constitutional rights had not been violated.

The plaintiff's letter alleges, in pertinent part, as follows [spelling corrected if words can be guessed]:

> Everything that happen to me prove one thing – tort – frame-up. Ineffective assistance of counsel and deliberate indifference of all officials involved. Should have called for a mistrial – ERA. I should have been acquitted. Mental disabled handicapped who don't know law nor how to read. Get made false claim – and frame-up – to trick people into singling counsel and the court knowing that mentally disabled can't defend their self from brutal attacks – 1th, 5th, 6th, 7th, 8th, 14th Amendment. ADA – equal protection – HRA – ERA – Biven – bill of rights – tort – conspiracy – court records will show – judge sex and get – civil rights [?] Biven six – to beat me and crippled me to get their confession. 14th false amendment. They knew I was incompetent to understand charges. Wanton negligence. Conspiracy helping F.B.I. cover up this while I'm in the hospital. Suffering in excruciating pain. Mental anguish. Unduress and having my back destroyed. Pain at times is unbearable. I must lay in bed at all times. Tort – counsel unconstitution conduct made reason for mistrial when you have to be threaten Biven beaten me, * * *

The letter, consisting of two pages, continues in the same vein, lacking complete sentences or thoughts, simply linking words and phrases together. The undersigned is unable to determine the nature of Mr. Thacker's purported claim. The letter is not signed. He is incarcerated at FCI Ashland, Kentucky; if he has a complaint about being beaten while in prison, he must exhaust his administrative remedies within the Bureau of Prisons, and then, if dissatisfied, file suit in the Eastern District of Kentucky. If he is attempting to allege that FBI agents threatened him or caused him harm, the sworn statements at his guilty plea hearing contradict such a claim.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's letter-form complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that this case be dismissed with prejudice.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

January 6, 2012

Mary E. Stanley
United States Magistrate Judge

4