```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ROBERT J. THACKER,**

      **Plaintiff,**

**v.**                                              **Civil Action No. 2:12-0006**

**F.B.I.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

On September 16, 2008, the United States filed an indictment charging plaintiff with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). On December 15, 2008, plaintiff pled guilty to the charged offense. On May 19, 2009, the Judgment was entered by the presiding district judge. Plaintiff was sentenced to a term of 60 months imprisonment, to be followed by a 10-year period of supervised release.

On May 18, 2011, the presiding district judge denied plaintiff's motion to vacate, set aside, or correct sentence. The memorandum opinion and order discusses in detail plaintiff's challenges respecting his mental competency at the time of his plea and the alleged ineffective assistance of counsel.

The court has reviewed the Proposed Findings and Recommendation ("PF&R") entered by the magistrate judge on January 6, 2012.  The magistrate judge recommends dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted.  Following entry of the PF&R, plaintiff filed the following documents, which the court has attempted to properly characterize as follows:

   January 26, 2012 -- Additional documents.

   February 6, 2012 -- Letter-form motion for appointment
                       of counsel.

   February 21, 2012 -- Letter-form motion requesting
                        copies of reports.

   March 7, 2012 -- Affidavit and additional documentation.

   March 8, 2012 -- Affidavit and additional documentation.

   March 21, 2012 -- Additional documentation

The court has reviewed the PF&R, along with the aforementioned documents.  The additional filings shed little

2

light on the nature of plaintiff's claims.  It may be the case that plaintiff is attempting to seek relief pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  If so, the claim is barred by the applicable limitations period.  <u>Compare</u> Pl.'s Addit. Documen. (Mar. 21, 2012) (stating "In August 2005 to November 2008, I was severely beaten by two FBI agents while I was handcuffed . . . ."), <u>with</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("With respect to the West Virginia district court's ruling on statute of limitations grounds, because there is no statute of limitations for <u>Bivens</u> actions, the district court correctly looked to West Virginia law.  The district court determined, and Reinbold does not dispute, that West Virginia's two-year, personal injury statute of limitations applies to Reinbold's Fourth Amendment claim.") (citation omitted).

It may also be the case that plaintiff wishes to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.  Inasmuch as plaintiff has previously filed a section 2255 motion, however, he must first seek permission from the court of appeals in order to file a second or successive motion.  <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

3

Respecting the letter-form motion for appointment of counsel, plaintiff fails to offer sufficient reasons supporting the provision of a lawyer at government expense.  Respecting the letter-form motion for copies of certain reports, plaintiff is referred to his former counsel in the first instance, as some of the documents requested may or may not have been filed.

Based upon the foregoing, the court concludes that the objections found in plaintiff's serial filings are without merit and that the recommended disposition is correct.  It is, accordingly, ORDERED that:

1. That the PF&R be, and it hereby is, adopted and incorporated herein; and

2. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED:  April 24, 2012

John T. Copenhaver, Jr.
United States District Judge