```
             UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ROBERT J. THACKER,**

       **Plaintiff,**

v.                                    Civil Action No. 2:12-0006

**F.B.I.,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

On April 24, 2012, the court entered its Judgment in this action, concluding that plaintiff's claims were barred by the applicable statute of limitations and the successive petition limitation found in 28 U.S.C. § 2255(h).

On April 26, 2012, plaintiff filed additional materials in support of his request for relief. The court treats the additional materials as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) motion").[1]

---

[1] Plaintiff refers to Rule 60(b) in the body of his additional materials. The materials are nevertheless construed as a Rule 59(e) motion based upon the time within which they were filed:

> The Federal Rules of Civil Procedure do not provide for a postjudgment "motion for reconsideration." Rather, they provide for a Rule 59(e) motion to alter or amend
>
> (continued...)

Our court of appeals recently observed as follows respecting a Rule 59(e) motion:

> A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir.2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir.1997).

Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). Plaintiff's Rule 59(e) motion contains no assertion that might be construed to overcome the limitations bar or the requirement that he first seek the court of appeals' permission to file a successive section 2255 motion. His request is thus not meritorious.

The court, accordingly, ORDERS that the Rule 59(e) motion be, and it hereby is, denied.

---

[1](...continued)
the judgment or a Rule 60(b) motion for relief from judgment. Because, consistent with Rule 59(e), Plaintiffs filed their motion within ten days of the district court's judgment, we construe it as arising under Rule 59(e).

Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011) (citing Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir.2004)).

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: May 21, 2012

John T. Copenhaver, Jr.
United States District Judge